**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROSE ANN FERNANDEZ, | ) NO. ED CV 12-0284 SJO (FMO) |
| Petitioner, | ) |
| v. | ) **ORDER DISMISSING PETITION AND** |
| | ) **DENYING A CERTIFICATE OF** |
| CA DEPT OF CORRECTIONS, et al., | ) **APPEALABILITY** |
| Respondents. | ) |

On February 23, 2012, Rose Ann Fernandez ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, attacking three separate cases: People v. Fernandez, Riverside County Superior Court Case No. RIM10008361 ("Fernandez I"); People v. Fernandez, Los Angeles County Superior Court Case No. 90M04633 ("Fernandez II"); and People v. Fernandez, Los Angeles County Superior Court Case No. KA005819 ("Fernandez III").[1]  (Petition at 1-208).[2]

**DISCUSSION**

"A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rules Governing Section

---

[1] The pending Petition consists of three separate habeas corpus petitions – each of which attacks a separate state court case – attached together. This is improper, as discussed below.

[2] For ease of reference, the Court sequentially numbers the pages of the Petition, i.e., 1-208.

2254 Cases in the United States District Courts, Rule 2(e). Petitioner, therefore, cannot challenge Fernandez I, II and III in a single habeas petition and, for this reason alone, the Petition must be dismissed without prejudice. See Bianchi v. Blodgett, 925 F.2d 305, 308-11 (9th Cir. 1991) (affirming dismissal of federal habeas corpus petition without prejudice under former Rule 2(d) (now Rule 2(e)) when petition challenged the judgments of two different state courts); Thompson v. Mo. Bd. of Probation & Parole, 39 F.3d 186, 189 (8th Cir. 1994), cert. denied, 514 U.S. 1113 (1995) (Former Rule 2(d) (now Rule 2(e)) "clearly does not allow Thompson to challenge both the Scott County conviction and the Butler County conviction in one § 2254 petition.").

Moreover, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

Here, petitioner challenges court proceedings brought against her in Fernandez I. (See Petition at 1-62). However, petitioner concedes, and has attached documents to her habeas corpus petition demonstrating, that Fernandez I was dismissed on June 10, 2011, and that

petitioner has been released from custody on Fernandez I. (See id. at 1 & 47-49). As such, petitioner cannot have been "in custody" pursuant to Fernandez I at the time she filed the instant Petition. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was *released* before he filed the petition that is before us. Because of this circumstance, there is no custody from which he could be released.") (emphasis in original).

Similarly, in Fernandez II, on **April 16, 1991**, petitioner pled nolo contendere to, and was convicted of one count of driving under the influence in violation of California Vehicle Code ("Veh. C.") § 23152(a), and she also admitted a prior violation of Veh. C. § 23152(a). (Petition at 88-89). That same day, petitioner's sentence was suspended, she was placed on summary probation for four years, and she was required to serve 133 days in the Los Angeles County Jail. (Id. at 89). On May 20, 1993, petitioner admitted she had violated her probation and was sentenced to 103 days in Los Angeles County Jail, to be served on consecutive weekends. (Id. at 90). On June 3, 1993, the trial court modified petitioner's probation to serve 30 days in the County Jail. (Id.). Based on these circumstances, petitioner clearly cannot still be in custody for a four-year probationary sentence imposed on her almost 21 years ago.[3] Henry, 164 F.3d at 1241. In short, the Court lacks subject matter jurisdiction over Fernandez I and Fernandez II.

With respect to Fernandez III, petitioner has not submitted sufficient supporting documentation for the Court to determine whether petitioner is "in custody." However, given petitioner's allegations that she was convicted in **1990** of one count of assault with force likely to produce great bodily injury in violation of California Penal Code § 245(a)(1), and sentenced to a sentence of between 6 and 18 months, it certainly appears that petitioner is not currently "in custody" pursuant to Fernandez III.

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit

---

[3] Indeed, petitioner states she was released in September 1991. (Petition at 64). Moreover, on December 2, 2011, the Los Angeles County Superior Court rejected a habeas corpus petition from petitioner, stating "[t]he instance occurred 21 years ago. [Petitioner] is not in custody nor on probation for the matter and it cannot be used against her as a prior." (Id. at 103).

1  judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial
2  showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon,
3  83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this
4  standard by demonstrating that jurists of reason could disagree with the district court's resolution
5  of his constitutional claims or that jurists could conclude the issues presented are adequate to
6  deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct.
7  1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04
8  (2000).

9  When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because petitioner has improperly challenged multiple state court proceedings in a single habeas corpus petition, see Rules Governing Section 2254 Cases in the United States District Courts, Rule 2(e), and petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction on at least two of the three state court proceedings she challenges. In short, petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** and a Certificate of Appealability is **denied**.

DATED: March 3, 2012.

*S. James Otero*
_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE